JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SHELLEY<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY LOAN SERVICE CORP., FREMONT INVESTMENT & LOAN, LITTON LOAN SERVICING, LLP,<br><br>Defendants. | Case No.: SACV09-291 CJC (ANx)<br>Hon. Carmac J. Carney<br>Ctrm 9B - Santa Ana<br><br>[~~PROPOSED~~] **ORDER GRANTING LITTON LOAN SERVICING, LP'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6))**<br><br>Complaint filed: March 9, 2009 |

Defendant Litton Loan Servicing, L.P. ("Litton") seeks to dismiss plaintiff Richard Shelley's complaint on the basis that the allegations in the complaint fail to state a claim upon which relief can be granted. This Court considered Litton's Fed. R. Civ. P. 12(b)(6) motion to dismiss, Mr. Shelley's notice of non-opposition to Litton's motion, Litton's request for judicial notice, and the oral arguments of the parties at the June 15, 2009 hearing. For the reasons discussed below, this Court GRANTS Litton's motion to dismiss without leave to amend and DISMISSES this action with prejudice.

## I.   FACTUAL BACKGROUND

In or about May 2006, Mr. Shelley refinanced his property, located at 6721 Tillamook Avenue, Westminster, CA 92683 (the "Property"), by borrowing $273,000 (the "Loan") from Fremont Investment & Loan ("Fremont"). *See* Compl., ¶¶ 9-11. The Loan was secured by a deed of trust recorded on the Property. *See* Request for Judicial Notice ("RJN"), Ex. A (Deed of Trust). On or about July 10, 2008, Fremont allegedly assigned the Loan to Litton. *See* Compl., ¶ 14. Mr. Shelley fell behind in his mortgage payments, and on November 7, 2008, a notice of default and election to sell under deed of trust was recorded. *See* RJN, Ex. B (Notice of Default and Election to Sell under Deed of Trust). Mr. Shelley did not bring his loan account current, and on February 19, 2009, a notice of trustee's sale was recorded, setting the trustee's sale for March 11, 2009. *See* Compl., ¶ 15; RJN, Ex. C (Notice of Trustee's Sale).

Mr. Shelley now claims that during the course of the Loan transaction, Fremont failed to deliver to him two proper copies of a notice of the right to rescind. *See* Compl., ¶ 17. Mr. Shelley further claims that the disclosure statement issued did not include $6,485.00 in broker/application/processing fees, improperly disclosed the amount financed, and improperly calculated the annual percentage rate. *Id.*, ¶¶ 17, 18.

Mr. Shelley sent Litton a letter on November 26, 2008 attempting to rescind the Loan. *Id.*, ¶ 22.  Mr. Shelley alleges that Litton has failed to return any money paid or terminate its security interest as required by 15 U.S.C. § 1635(b); Regulation Z §§ 226.15(d)(3), 226.23(d)(3). *Id.*, ¶¶ 25, 26.  Mr. Shelley, however, did not offer to tender the amount due under the Loan as required by the Truth in Lending Act ("TILA").

## II.  DISCUSSION

### A.  Pleading And Motion To Dismiss Standard

Under Federal Rules of Civil Procedure, Rule 8(a), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 547 (2007) ("*Twombly*").  Stated differently, a plaintiff must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).  Thus, a complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted).  Rather, the facts set forth in the complaint must be sufficient to "nudge the [ ] claims across the line from conceivable to plausible." *Id.* at 570.

A motion to dismiss tests the legal sufficiency of the claims alleged in the complaint. *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1023 (C.D. Cal. 1998).  A claim is properly dismissed for "lack of a cognizable legal theory," "absence of sufficient facts alleged under a cognizable legal theory," or seeking remedies to which plaintiff is not entitled as a matter of law. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).

Although facts properly alleged must be construed most favorably to plaintiff, "conclusory allegations of law and unwarranted inferences are not

sufficient to defeat a motion to dismiss." *Associated Gen. Contractors v. Metro. Water Dist.,* 159 F.3d 1178, 1181 (9th Cir.) (citation omitted). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

In the complaint, Mr. Shelley alleges a single cause of action, violation of TILA for rescission and damages – which cannot withstand Litton's Motion to Dismiss.

### B.  Mr. Shelley's TILA Claim

TILA provides two private remedies: damages and rescission. Here, Mr. Shelley seeks both. Mr. Shelley's TILA claim for damages fails because it is time-barred. Mr. Shelley's claim for rescission fails because he does not allege that he has the ability to tender the principal under the Loan, a necessary element to effectuate rescission.

"[A]n action for damages under TILA must be brought within one year from the alleged violation." *Eubanks v. Liberty Mortgage Banking Ltd*., 976 F. Supp. 171, 174 (E.D. NY 1997) (citing 15 U.S.C. § 1640(e)). The violation occurs and the one-year limitations period accrues upon consummation of the loan. *Betancourt v. Countrywide Home Loans, Inc*., 344 F. Supp.2d 1253, 1258 (D.Colo. 2004).

Mr. Shelley admits that the Loan was consummated in May 2006. *See* Compl., ¶¶ 9-11. Mr. Shelley did not file this instant lawsuit until March 9, 2009 – almost three years after the closing of the Loan. Mr. Shelley has not alleged or argued that the applicable statute of limitations should be equitably tolled. Accordingly, Mr. Shelley's TILA claim for damages is time-barred.

Additionally, Mr. Shelley's claim for rescission under TILA fares no better. Rescission is an equitable doctrine. It requires a plaintiff to allege that the plaintiff can or will tender the borrowed funds back to the lender. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003) ("rescission should be conditioned

1  on repayment of the amounts advanced by the lender."). *See also Am. Mortgage*
2  *Network v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007) ("The equitable goal of
3  rescission under TILA is to restore the parties to the status quo ante.") (citations
4  omitted). Mr. Shelley has not alleged that he has made such an offer or
5  contemplates making such an offer. Accordingly, Mr. Shelley's rescission claim
6  under TILA fails as well.

7      Further, it is apparent that any amendment to the complaint would be futile.
8  As discussed above, the TILA damages claim is time-barred, and Mr. Shelley has
9  not alleged that he can tender or contemplates tendering the amount he borrowed to
10 state a rescission claim. As such, it is appropriate to grant Litton's motion to
11 dismiss without leave to amend. *See, e.g Steckman v. Hart Brewing, Inc.*, 143 F.3d
12 1293, 1298 (9th Cir.1998) (leave to amend need not be granted when amendment
13 would be futile). In addition, this Court notes that Mr. Shelley has refused to
14 actively participate in this suit and exhibits a general disinterest to the prosecution
15 or resolution of this matter. Accordingly, Litton's motion to dismiss is granted
16 without leave to amend and this complaint is dismissed with prejudice.

17     IT IS SO ORDERED.

19 DATED: June 17, 2009    By: _____
20     Honorable Cormac J. Carney
    UNITED STATES DISTRICT COURT
21     JUDGE